## ARNOLD et al. v. GRIFFITH et al.
### No. 6026.

Court of Appeal of Louisiana. Second Circuit.

Nov. 3, 1939.

Rehearing Denied Dec. 1, 1939.

Certiorari Denied Jan. 9, 1940.

Harry V. Booth and L. L. Lockard, both of Shreveport, for appellants.

E. W. & P. N. Browne, of Shreveport, for appellees.

DREW, Judge.

Mrs. Catherine Arnold and her husband, N. D. Arnold, instituted this suit against Mrs. L. E. Griffith, her insurer, the Saint Paul Mercury Indemnity Company of St. Paul, the Andress Motor Company and its insurer, the Fidelity and Casualty Company of New York, for injuries received in an automobile collision occurring August 22, 1938.

A compromise agreement was entered into between the plaintiffs and two of the defendants, the Andress Motor Company and its insurer, the Fidelity and Casualty Company, thus removing them from the case.

The other defendants, Mrs. Griffith and her insurer, filed an answer and the case went to trial on the merits. After a jury

had been impaneled and the trial had begun, the defendants filed an exception of no cause or right of action which was sustained by the trial court and plaintiffs' suit dismissed. From this judgment plaintiffs prosecute this appeal.

The exception was leveled at Articles 5, 6, 7, 8, 9, 10, 11, 12, 13 and 14 of the plaintiffs' petition, which read as follows:

"Your petitioner now shows that on or about the 22nd day of August, 1938, your petitioner, Mrs. Catherine Arnold, was driving the automobile of her husband, N. D. Arnold, west on the Greenwood Road, toward Greenwood, Louisiana, about one and a half miles from the City Limits of Shreveport, Louisiana.

"That as your petitioner, Mrs. Catherine Arnold, was driving on her proper and right hand of said highway, there was another automobile immediately in front of her, driven by one Mrs. Graham, proceeding in the same direction; that proceeding in the same direction and in the rear of the automobile driven by your petitioner, Mrs. Arnold, was another automobile or motor vehicle driven by an agent and employee of the Andress Motor Company, Inc.

"That at about the same time, an automobile driven by Mrs. L. E. Griffith of Longview, Texas, one of the defendants herein, was proceeding east on the same highway, approaching the automobile being driven by one Mrs. Graham and the car driven by petitioner and the car driven by an agent and employee of the Andress Motor Company.

"That as the car and automobile driven by Mrs. Griffith approached and neared the automobiles driven by Mrs. Graham, by your petitioner, and by an agent and employee of Andress Motor Company, the negro chauffeur of the said Mrs. L. E. Griffith, acting under her direction and control, driving her said car, attempted to overtake another automobile proceeding eastward just immediately in front of her, the said Mrs. Griffith.

"That when the automobile of the said Mrs. Griffith was in the act of partially passing the automobile immediately in front of it, driven by someone whose name is unknown to your petitioners, the said Mrs. Griffith, realizing that she could not safely make said maneuver due to the oncoming cars driven by said Mrs. Graham, your petitioner and the Andress Motor Company car, that the said Mrs. Griffith and/or her chauffeur, acting under her direction and control, suddenly and without warning drove said car across the highway north and onto the north shoulder of said highway and started to proceed eastward on the shoulder thereof.

"That on the above negligent, careless and imprudent acts on the part of the chauffeur, acting under the direction and control of Mrs. Griffith, the car in front of your petitioner, driven by Mrs. Graham, came to a stop to prevent a collision with the Griffith car, whereupon your petitioner brough her car to a stop.

"Your petitioner now avers that the car driven by the agent and employee of Andress Motor Company was being driven so fast, without regard to conditions and other vehicles using the highway at that time, he was unable to bring his car to a stop, and, accordingly, he drove to his right hand side on the north shoulder of said highway, proceeding westward, and collided head on with the car driven by Mrs. Griffith and/or the chauffeur acting under her direction and control.

"That in the maneuver of the car of the Andress Motor Company in driving off on to the shoulder of the road, said car came in contact with and struck the rear of your petitioner's automobile with such force that it thrust your petitioner's car across the highway southward into another automobile on the south side of said highway.

"That all defendants herein were negligent and particularly, your petitioners aver that the said Mrs. L. E. Griffith was negligent in the following particulars, to-wit:

"(a) That the negro chauffeur, her employee, and under her direction and control, was driving the said automobile at the time at an excessive rate of speed, approximately 40 or 50 miles per hour, inconsistent, in considering the facts and circumstances surrounding the time of said accident.

"(b) That said negro chauffeur was further negligent in attempting to overtake an automobile proceeding in the same direction at a time when the automobiles driven by Mrs. Graham, your petitioner and the Andress Motor Company car were too close.

"(c) That he was further negligent in driving the automobile on the wrong side or north side of the said highway across and directly in front of the Graham car

and then eastward on the north side of said highway.

"(d) That he was further negligent in failing to keep a proper lookout and in failing to keep his car under proper control.

"That the agent and employee of defendant, Andress Motor Company, Inc., acting within the course and scope of his employment, was negligent in the following particulars, to-wit:

"(a) That he was driving his car at an excessive rate of speed and too close to your petitioner's car to stop within the distance between his car and petitioner's car.

"(b) That he failed to have his automobile under proper control and that he failed to keep a proper lookout.

"(c) That he drove his car onto the shoulder of the road where he lost control thereof, striking your petitioner's car and knocking it across the highway into an automobile on the other side thereof."

The question before us is whether or not the driver of Mrs. Griffith's car was negligent, and, if so, did his negligence so contribute to the cause of Mrs. Arnold's injuries and damage as to render Mrs. Griffith liable in damages, assuming all the allegations of the plaintiffs' petition to be correct.

 The chauffeur of the Griffith car did act without ordinary care in swerving across the highway in the manner that he did before three oncoming automobiles. The fact that he was acting in an emergency does not relieve him, as he had negligently placed himself in this position in attempting to pass an automobile preceding him, without first ascertaining that the oncoming cavalcade would not prevent such a passage. This leaves as the only question to be decided, whether or not the negligence of the chauffeur of the Griffith car was a contributing cause to the accident or whether or not the negligence of the driver of the Andress car was an unforeseeable independent intervening cause.

In deciding the case of Mason v. Herrin Transfer & Warehouse Company, La.App., 168 So. 331, 334, this court said:

"To fix liability on a person, it is not necessary that his negligent act be the sole cause of the accident. It is sufficient that his negligence concurs with one or more efficient causes. The causes in-volved herein were concurrent. The placing of the chain was one, while the lifting of the purlin was the other."

 It is not necessary that the acts be related one to the other. It is sufficient that each contributed in fact to the consummation of harm. There can be no legal or proximate cause unless there is causal connection in fact. Consequences are in fact causal if they would not have happened but for the defendant's conduct. If the acts of the defendant were necessary antecedents of the consequences in question, they are a cause in fact of those consequences. This has become known as the "but for" or sine qua non rule. Harper on Torts, Sec. 109, page 253.

 From the allegations of plaintiffs' petition there are two proximate and concurring causes of this accident: The negligence of Mrs. Griffith's chauffeur in veering suddenly across the highway in front of the oncoming cars, and the negligence of the driver of the Andress car in maintaining such a speed that he was unable to stop his automobile before striking the automobile of the plaintiffs. Had either of these two parties been free from negligence, this accident would never have occurred.

It is strenuously argued on the part of the defendants that this exception should be sustained for the reason the negligence of the Andress driver was unforeseeable, therefore, this defendant cannot be held liable as the action of the Andress car driver was not a foreseeable consequence of the defendant's negligent act. This, if true, would cause an anomalous situation. Two parties, both of whom were negligent, could combine forces causing consequences, neither of which standing alone would have been sufficient to cause, with both able to plead unforeseeability of negligence on the part of the other. Thus, the injured party, entirely without fault, would be unable to recover against either. Fortunately this is not the law. Dr. Fowler V. Harper, in treating this question, makes the following statement:

"Consequences caused by the defendant's conduct and an intervening, independent, but foreseeable negligent act of a third person are proximate, and the intervening negligence does not insulate the defendant's original fault. While some cases have been decided contrary to this rule on the theory that one need not anticipate the

failure of others to conduct themselves in a lawful manner, the modern view is as stated. Experience assures us that men do in fact frequently act carelessly, and when such action is foreseeable as an intervening agency, it will not relieve the defendant from responsibility for his antecedent misconduct." Harper on Torts, § 123, page 274.

This is certainly an instance wherein the driver of the defendant car should have foreseen and could have foreseen that another traveler might be traveling at an excessive rate of speed. Neither party's negligence was sufficient to have caused the consequence standing alone. Both materially contributed to the accident and damage, and either or both are liable in damages under the allegations of the petition.

We are of the opinion that the lower court erred in sustaining the exceptions and we, therefore, reverse the ruling and the judgment of the lower court and remand the case for trial on the merits.