Lester Muse, the twelve year old son of Preston and Natalie Muse, was killed as a result of a motor vehicular accident occurring about noon of June 9, 1940, on U.S. Highway 71 a few miles north of the Town of Coushatta, Louisiana.
For a considerable distance north and south of the locus of the mishap, the highway is straight and possesses a concrete surface bearing the usual medial black line.
Decedent, shortly before the unfortunate and regrettable occasion, was riding in the bed portion of a one and one-half ton Ford V-8 truck along with several other children and a heavy piece of saw mill machinery. The father was driving, proceeding toward the south at a speed of approximately 35 miles per hour and on his right side of the road; and seated beside him in the cab were Mrs. Muse and another child.
Approaching the Muse truck from the south were two other vehicles, one behind the other, traveling at a speed of from 40 to 50 miles per hour and in their right or the east traffic lane. The forward machine was a Chevrolet truck driven by one Clyde Nettles. The other, a Dodge automobile, followed a short distance to the rear and was being operated by Samuel Mitchell, an employee of the East Texas Grocery Company, Inc.
Suddenly the Nettles or forward truck turned from its side of the highway, crossed the center stripe, and crashed into the Muse truck, shearing from the latter the left rear wheel and left half of the rear axle housing.
At the moment of the impact, Mitchell, who was following the Nettles truck in his proper traffic lane, applied the brakes of his automobile and steered it to the right and onto the shoulder of the road. When his car was practically off the highway, but moving at a reduced speed, the decedent child fell upon its left front fender. This child had jumped or had been thrown from *Page 251 
the Muse truck as its left rear wheel was sheared away, and he "flew through the air" and came in contact with the mentioned fender. He was found dead under or near the front end of the Mitchell machine.
After the collision the Muse truck proceeded about 20 feet, angling towards its left, while the Nettles truck continued to travel northerly a few hundred feet and turned over in a ditch west of the highway. The Mitchell car stopped on the east shoulder approximately 30 feet to the rear of the Muse truck.
Preston and Natalie Muse instituted this tort action for the purpose of recovering damages for the death of their child. They impleaded as defendants the said Samuel Mitchell, his employer, the East Texas Grocery Company, Inc., and the Standard Accident Insurance Company of Detroit, which is the insurer of the Dodge automobile that Mitchell drove.
Plaintiffs did not sue the driver of the Nettles truck, because, so they alleged, "said driver is impecunious and could not be made to respond to the judgment herein sought."
As stated in the brief of plaintiffs' counsel, "the issue of negligence in this case is founded on the charge that the defendant Mitchell violated rule 8 (a) of Section 3 of Act No. 286 of 1938 in that he was not driving at a prudent distance behind the Nettles truck." That provision of law reads as follows:
"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic upon and condition of the highway."
Defendants filed numerous exceptions and special pleas and an answer to the suit, urging various defenses to the action. They insist, among other things, that if the child met his death by contact with the Mitchell car, which is denied, the driver Mitchell committed no negligence and that no act of his proximately caused the accident and resulting damage.
The trial judge found as a fact that Mitchell, immediately before the collision, was traveling at a speed of from 40 to 50 miles per hour and at a distance of from 75 to 100 feet to the rear of the Nettles truck; and he concluded, as his written opinion discloses, that such defendant was complying with the aforementioned statutory requirements and was guilty of no negligence. Consequently, the demands of plaintiffs were rejected. They appealed.
Counsel for appellants, in this court, strenuously challenges the correctness of the trial judge's finding of fact that a distance of 75 to 100 feet separated the Mitchell automobile from the Nettles truck while both were approaching the scene of the accident. By a very forceful argument that includes a discussion of physics and particularly Galileo's Law of Falling Bodies he seeks to convince us that such distance was less than 49.5 feet; and he insists that Mitchell was following the Nettles truck more closely than was reasonable and prudent, in view of that distance and the speed enjoyed by the two vehicles of approximately 45 miles per hour, all in violation of the above quoted statutory rule.
It is well settled in the jurisprudence of this state that the violation of a positive traffic law constitutes negligence per se; but such negligence is not actionable unless it be the or a proximate cause of the complained of injury or damage. Richie et al. v. Natchitoches Oil Mill et al., La.App., 178 So. 752; Austin v. Baker-Lawhon Ford, Inc., et al., La.App., 188 So. 416.
Assuming for the sake of argument that Mitchell was violating the statutory traffic rule in question, and, as a consequence, was negligent, we are unable to hold that these defendants are liable in damages. In our opinion, Mitchell's negligence in following the Nettles truck more closely than was reasonable and prudent, if it existed, was not a proximate cause of the accident and the death resulting therefrom. The most that can be said is that it was only a remote cause.
Appropriately stated in 4 Blashfield's Encyclopedia of Automobile Law and Practice, in its chapter on proximate cause, are the following well established rules:
"Section 2533. Natural and Probable Consequences.
"Under the law of negligence, the most generally accepted theory of causation is that of natural and probable consequences; the rule being that, in order to recover for an injury alleged to have resulted from the negligence of another, or in order that defendant, in an action for such an injury, may set up a negligent act of the plaintiff as a bar, the injury must be the natural and probable consequence of the negligence, or, as otherwise stated, the *Page 252 
wrong and the resulting damage must be known by common experience to be naturally and usually in sequence — the damage, according to the usual course of events, must follow from the wrong.
"An injury that is the natural and probable consequence of an act of negligence is actionable, and such an act is the proximate cause of the injury. A natural consequence of an act is the consequence which ordinarily follows it, the result which may be reasonably anticipated from it. A probable consequence of an act is one that is more likely to follow its supposed cause than it is to fail to follow it.
"An injury which could not have been foreseen or reasonably anticipated as a probable result of an act of negligence is not actionable, and such an act is either the remote cause or no cause whatever of the injury.
"The above rule does not mean, however, that the probability of injury must be so obvious as to be necessarily anticipated by the wrongdoer, nor that the wrongdoer should have foreseen the particular consequences or precise form of the injury or the particular manner in which it occurred, or that injury would result to the exact person injured, but he may be held liable for anything which, after the injury is complete, appears to have been a natural and probable consequence of his act. The test is whether ordinary prudence would have suggested to the defendant that his act or omission would probably result in injury to some one."
"Section 2534. Intervening Efficient Cause.
"An intervening efficient cause is the immediate cause of an injury, generally referred to as the nearest cause. It is a new and independent force, which breaks the causal connection between the original wrong and the injury.
"An act of negligence that results in an injury that could not have been foreseen or reasonably anticipated as its probable consequence, and that would not have resulted from it had not the interposition of such new and independent cause interrupted the natural sequence of events, turned aside their course, and produced it, is not actionable. Such an act of negligence is the remote, and the independent intervening cause is the proximate cause of the injury. * * *"
It seems clear to us that the child's expulsion from the Muse truck and his striking the fender of Mitchell's machine could not have been foreseen or reasonably anticipated as a probable result of Mitchell's act in driving too close to the Nettles vehicle. Mitchell was proceeding in the proper traffic lane. The Nettles truck had been doing likewise, and there was nothing to indicate or even suggest to him that it would suddenly veer to the left and crash with the Muse vehicle.
Also important to notice in this connection is the fact that at no time while near the scene of the accident did Mitchell drive to the west of the center stripe. Neither did he strike the Nettles truck. As soon as the accident appeared imminent he commenced to leave the highway, turning to his right, and applied his brakes; and when the child's body contacted his car it was practically, if not completely, off the pavement on the east side.
Furthermore, Mitchell's act of being in close proximity to the Nettles truck and having his car at the spot where the child was falling, which indirectly resulted in the death, would have had nothing to do with that death had not the Nettles vehicle turned left across the center stripe and struck the Muse truck. It was the negligent operation of the Nettles truck, and that alone, which interrupted the natural sequence of events and brought about the child's precipitation from the Muse vehicle with the resulting death. This independent new and intervening force, therefore, constituted the immediate, efficient and proximate cause of the tragedy.
Of course, if the Nettles truck had been slowed somewhat, and Mitchell, as a result of that act and of his imprudent driving, had struck such vehicle and forced it across the center line and into the Muse truck, Mitchell's negligence, under that supposition, would have been a proximate cause of the accident. But that is not the factual situation presented here.
The fact that Mitchell's car was at the exact spot where the child was falling is unimportant in reaching a correct decision in this controversy. It might have been two feet farther to the right or even 20 feet closer to the Nettles truck, with imprudent and negligent driving being the result; but in either event contact with the child would never have occurred and certainly there would have been no liability on the part of these defendants.
Much reliance is placed by plaintiffs' counsel, in support of this action, on the *Page 253 
holding of this court in Arnold et al. v. Griffith et al., 192 So. 761, 763. The two cases, as we appreciate them, are distinguishable. Therein we found that the damage complained of by plaintiff resulted from the combined negligent acts of two other motorists. There were two proximate and concurring causes of the accident. In the course of the opinion we said:
"It is not necessary that the acts be related one to the other. It is sufficient that each contributed in fact to the consummation of harm. There can be no legal or proximate cause unless there is causal connection in fact. Consequences are in fact causal if they would not have happened but for the defendant's conduct. If the acts of the defendant were necessary antecedents of the consequences in question, they are a cause in fact of those consequences. This has become known as the `but for' or sine qua non rule. Harper on Torts, Sec. 109, page 253."
The negligence of each of the offending motorists in the Arnold case, we held, was a necessary antecedent of the consequences in question. The Griffith automobile had been negligently steered to the left of the highway across the paths of the approaching machines of plaintiff and the Andress Motor Company. The vehicle of the latter could not be stopped before striking plaintiff's automobile which it was following too closely. Had either negligent act been absent, the accident would have been averted.
In the instant action Mitchell's negligence of being in close proximity to the Nettles truck was not an essential step in the commission of the accident. The child would have been precipitated from the Muse truck by the negligent act of Nettles, as he was, even had Mitchell then been many miles from the scene. Perhaps, as plaintiffs' counsel argues, it was the child's contact with the automobile's fender that actually produced the death; but the result undoubtedly would have been the same had the Mitchell automobile, at the moment of the contact, enjoyed a stationary status at the identical spot on the highway that it was, such being at or just off the east edge thereof, and had previously experienced no trailing relationship with the Nettles truck.
The judgment in our opinion is correct, and it is affirmed.