CHRIS T. BARNETTE, Judge pro tem.
This is a suit in tort to recover damages for injuries which the plaintiff, Roosevelt Scott, allegedly suffered upon a streetcar operated by the defendant, New Orleans Public Service, Inc. The trial court granted judgment in favor of the defendant, dismissing plaintiff’s suit at his cost. From that judgment plaintiff has appealed.
As a prerequisite for the consideration of whether or not a defendant has acted in a negligent manner we must find that an act or omission of the defendant has been the cause in fact of the plaintiff’s injury. Home Gas & Fuel Co. v. Mississippi Tank Co., 246 La. 625, 166 So.2d 252 (1964) ; Perkins v. Texas And New Orleans Railroad Company, 243 La. 829, 147 So.2d 646 (1962); Arnold v. Griffith, 192 So. 761 (La.App. 2d Cir. 1939) ; Elfer v. Hibernia Nat. Bank In New Orleans, 174 So. 287 (La.App.Orleans 1937); Prosser, Handbook of The Law of Torts, Second Edition, § 44.
Plaintiff claims medical expenses, lost wages, and pain and suffering from a fractured thumb as damages. There is also some allegation of bruises on the foot, arm and shoulder.
In view of the findings of fact by the trial court, with which we agree, we feel that plaintiff has not proven that his injuries were in fact caused by an act of defendant.
We quote from the trial judge’s Reasons for Judgment:
“Plaintiff testified that on September 24, 1963, he was boarding a streetcar on Canal and Elks’ [sic] Place in the city of New Orleans. He stated that, as he was getting aboard, the car started up and the conductor began to close the rear door. He further stated that the step on which he was standing fold *185 ed up, propelling him through the door into the car, causing him to fall, striking his thumb on an iron bar, and causing the injuries complained of.”
Tommie Catchings, Jr., and Johnny Weir, Jr., both acquaintances of the plaintiff, testified to substantially the same facts as did the plaintiff.
We again quote from the trial judge’s Reasons for Judgment:
“Andrew Moreau, who was a passenger on the car and standing immediately to the right of and behind the conductor, stated that Scott was all the way on the car, standing in front of the conductor, and seemed to lose his balance and stagger to the side. He stated that the conductor grabbed plaintiff’s arm and asked if he was all right. Plaintiff did not fall to the floor, said he was all right, and walked off.
“Lloyd J. Rubli, the conductor on the car, testified to the same thing. According to his testimony, plaintiff stumbled to the side slightly, but did not fall, and did not come in contact with any part of the car.
“After considering the testimony of the above witnesses, it is my opinion that plaintiff has failed to prove his case by a preponderance of the evidence. Mr. Moreau, the only witness completely without bias, was standing in a position where, if plaintiff had fallen, he would have seen it. He saw no such fall. His testimony corroborates in every detail that of the conductor. On the other hand, there are a number of inconsistencies in the testimony of plaintiff and his two witnesses. I do not believe that the plaintiff actually suffered the accident of which he complained.”
Even though we feel that the inconsistencies in the testimony of the plaintiff and his two witnesses were not of a substantial nature, we do not find any manifest error in the district court’s findings. It is in cases such as this that the trial judge’s ability to see and hear the witnesses is of ultimate value and we feel constrained to accept his judgment in the absence of manifest error. In light of the accepted finding of facts, and our finding that the plaintiff has failed to prove that his injuries were caused by an act of the defendant, New Orleans Public Service, Inc., we affirm the trial court’s dismissal of plaintiff’s claim.
The judgment rejecting plaintiff’s demands and dismissing his suit is affirmed at his cost.
Affirmed.