SAVOY, Judge.
This is an action in tort filed by plaintiff against defendant as the insurer of the City of Alexandria, Louisiana, Municipal Bus Lines. For a cause of action plaintiff alleged she was injured on a bus owned by the City within said City Limits when she fell or was thrown to the floor of the bus from a standing position. Plaintiff alleged the cause of the accident was the negligence of the driver of the bus in (1) failing to allow passengers to be seated before leaving the bus stop; and (2) in starting his bus with a fast and jerking motion.
Defendant answered generally denying negligence, and in the alternative alleging contributory negligence on the part of plaintiff in leaving her seat when the bus was in motion, and in failing to secure herself by using the handrail on the bus seats while moving from one seat to the other.
After a trial in the district court, judgment was rendered in favor of plaintiff *125 against defendant in the sum of $3,500.00 for general damages, and $367.80 for special damages. On appeal defendant does not contest the quantum allowed by the trial judge hut denies liability.
The facts are not seriously disputed. Counsel for defendant contends that the district court committed an error of law.
The record reveals that on the date of the accident plaintiff and her granddaughter, Janice Marshall, twelve years of age, boarded a city bus with the intention of going to the State Welfare Office. As the bus approached the intersection of Bolton Avenue and Rapides Street plaintiff pulled the cord indicating a desire to leave the bus near the above intersection. As she approached the front of the bus plaintiff and the driver, Frank McCall, had a conversation. McCall ascertained plaintiff’s destination and told her if she would stay on the bus several minutes more she would be closer to the welfare office. She decided to follow his suggestion, but instead of staying in the seat near the driver, she started walking toward the back of the bus while the bus was in motion, and as she did, she fell. She explained her action by saying that because of her weight she found the seats farther back in the bus larger and more comfortable.
In his reasons for judgment the district judge made the following finding of fact:
“The court is convinced that at the bus stop at Bolton and Rapides the plaintiff stood up to leave the bus and then had a conversation with the bus driver whereupon he informed her if she would ride a distance farther he would double back on Bolton Avenue and she would then be closer to the Welfare Office. The court believes that her granddaughter sat back down on the parallel seat and the plaintiff proceeded toward the rear of the bus to get a more comfortable and larger seat. Without a doubt the plaintiff needs as large a seat as she can find. Without being derogatory the court must observe that the plaintiff would take up a double seat on the bus. The court believes that as the plaintiff was proceeding toward the rear of the bus, the bus started forward causing her to fall to' the floor and causing the injury which she sustained.
“The court is of the opinion that this plaintiff falls within the protection of the exception to the general rule governing operation of passenger buses. The general rule is that the bus company is not liable for injuries sustained by a plaintiff who suffers an accident as the result of ordinary starting and stopping of a bus. The exception to this is that greater care must be exercised by the bus driver when the passenger is old or infirm, or physically incapacitated. In this case the plaintiff is old, extremely obese and crippled. Under the circumstances, the court is of the opinion that the bus driver owed the duty to the plaintiff to see that she was properly seated after she had arisen from her seat before putting the bus in forward motion.”
Counsel for defendant, in essence, agrees with the above finding by the trial judge except that he states there is no evidence in the record showing that plaintiff was infirm or crippled.
The law in this type of case is well-settled in our jurisprudence and is to the effect that: (1) if a fare paying passenger is injured while on a public conveyance, a mere showing of injury establishes a prima facie case of negligence on the part of the carrier, and the effect of such showing of injury is to impose a duty on the carrier of going forward with the evidence to show itself free from negligence; (2) a carrier is not liable for the results of ordinary jolts or jerks incident to the starting or stopping of its conveyance in the usual and customary manner; and (3) a passenger who enters or is riding in a public conveyance must contemplate its possible movement before he reach *126 es his seat, or while he is standing-, and must maintain his equilibrium at his own risk against the effect of movement of no unnecessary or unusual violence. Gaines v. Baton Rouge Bus Company, Inc., 175 So.2d 719 (La.App. 1 Cir. 1965), and cases cited therein.
The bus driver testified he observed plaintiff as she entered the bus, and she appeared to walk with a limp indicating she was crippled. He also testified he had a rear view mirror where he could see the interior of the bus.
We feel as the trial judge did that the bus driver, knowing plaintiff’s physical condition, should have ascertained that she was seated before starting the forward movement with the bus, and that his failure to do so constituted a prima facie case of negligence on his part. We do not consider the plea of contributory negligence to have any merit. While it is true that there were handrails on the bus seats, the accident occurred so suddenly that plaintiff did not have an opportunity to reach said handrails.
This is an unfortunate case. The bus driver was attempting to be a good Samaritan in sparing plaintiff a longer walk to her destination. However, we are of the opinion that had the driver exercised ordinary care, the accident and resulting injury could have been avoided.
For the reasons assigned the judgment of the district court is affirmed at defendant’s costs.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.