LEMMON, Judge.
Plaintiff has appealed from the dismissal of his suit for injuries he allegedly sustained while riding as a passenger on defendant’s bus. The sole issue is whether the bus driver exercised the high degree of care imposed on the operator of a public carrier when he departed from the bus stop at which plaintiff boarded the bus.
Plaintiff testified that he was the last of several passengers to board the bus at this particular stop; that the bus was stopped as he got on; that the bus was not crowded nor was anyone standing; that as he at *927 tempted to hand his transfer slip to the driver, the bus pulled off fast and turned left abruptly, throwing him against the railing; that as he attempted to get up, the bus made another abrupt left turn, throwing him down again; and that at the next stop, the driver saw him getting up and inquired about his condition.
On the other hand, the driver testified that the bus had been crowded all day (a Sunday) because of Mardi Gras parades; that a huge crowd boarded the bus at this particular stop, several people boarding after plaintiff, whom he remembered because of the Cossack hat plaintiff was wearing; that because passengers were standing from the front to the back, he took off smoothly and made the left turn wide and slowly; that he did not see plaintiff fall; and that he first learned of the incident as he was making another left turn at the next corner, when plaintiff approached him and told him of the fall.
The passenger upon whom plaintiff fell also testified. He stated that numerous passengers were standing; that the bus took off from the stop in a usual manner, at an ordinary speed; that he did not know what caused plaintiff to fall; that plaintiff fell across his knee; and that after someone helped him up, plaintiff walked to the driver and reported the incident. He did not mention a second fall.
The driver of a public bus must exercise a high degree of care because he has a high degree of responsibility. However, the driver need not wait until passengers are seated before starting forward movement. Neither is the carrier liable for accidents resulting from usual and ordinary movements incident to the beginning of forward movement from the bus stop. See Gaines v. Baton Rouge Bus Company, Inc., 175 So.2d 719 (La.App. 1st Cir. 1965) and cases cited therein.
In the present case, the trial court found that the bus’s movement was neither sudden, unusual nor otherwise improper, and thus found no liability on defendant’s part. The factual findings of the trial court will not be disturbed unless manifestly erroneous.
The trial judge was presented with two conflicting versions of the incident, one by the plaintiff of a sudden, abrupt and unusual take off from the bus stop, and the other by the driver of a smooth, normal take off. The judge made a credibility determination, commenting on the discrepancies in plaintiff’s confusing version and the clarity of the other passenger’s testimony. After reviewing the record, we find no manifest error in the trial judge’s acceptance of the driver’s description of the occurrence, as corroborated by the disinterested witness, and his rejection of plaintiff’s conflicting version. Under the version accepted, the driver exercised the high degree of care required of him.
The judgment is affirmed.
Affirmed.