BEER, Judge.
This is a damage suit by plaintiff-appellant, Mrs. Lucinda Penny, claiming negligence of defendant-appellee, New Orleans Public Service, Inc. (hereafter, NOPSI) in operating the bus on which she was a fare paying passenger. The trial court granted judgment in favor of NOPSI, dismissing her suit. From that judgment, she prosecutes this appeal.
Mrs. Penny testified that she boarded the bus at Broadway and Claiborne and had given the driver her transfer when the bus abruptly accelerated causing her to fall and sustain injuries to her left knee and back. She did not have chance to secure a seat because the actions of the bus driver in abruptly starting the bus prevented her from doing so. She contends that the sole cause of her fall was the sudden forward jerking movement of the bus.
Althea Sanders, an acquaintance of Mrs. Penny’s boarded the bus with her. She also testified to the abruptness with which the bus commenced its forward movement. She indicated the bus pulled away from the stop with a j erk.
Their testimony was contradicted by the bus driver, Mr. Wilton L. Hagardon. After Mrs. Penny boarded the bus he closed the door, checked to see if the light was in his favor and if traffic would allow him to proceed. He then proceeded at the normal and usual rate of acceleration. He did not see Mrs. Penny fall.
Another passenger, Emelda Williams, testified the bus had not actually started when Mrs. Penny fell. She indicated that Mrs. Penny took a few steps towards the rear of the bus and fell before the bus was in motion.
Sherwood Mitchell, NOPSI’s assistant equipment manager examined the bus several days after the accident to check for defects and smoothness of operation. After numerous tests, he found no abnormalities. There was no jerkiness in starting. On cross-examination, he acknowledged the possibility that work could have been performed on the bus before he examined it. He testified that the bus has a two speed automatic transmission that shifts into second gear at approximately twenty-three miles per hour. Due to its weight (11 tons) and engine power (200 horsepower) the bus necessarily accelerates at a slow rate from a stopped position.
NOPSI, a public carrier, is required to exercise the highest degree of vigilance and care to protect its passengers. However, bus drivers are not required to wait until passengers are seated before starting forward movement and the carrier will not be held liable for accidents resulting only from usual and ordinary movements incident to the beginning of forward motion from the bus stop. Johnson v. NOPSI, 293 So.2d 203 (La.App. 4th Cir. 1974). The trial court apparently determined that the bus’ movement was neither sudden, unusual, nor otherwise improper, and such a finding will not be disturbed unless manifestly erroneous. Robin v. NOPSI, 292 So.2d 926 (La.App. 4th Cir. 1974); Scott v. NOPSI, 176 So.2d 184 (La.App. 4th Cir. 1965).
The judgment of the Civil District Court, Parish of Orleans is affirmed at appellant’s cost.
AFFIRMED.