BARRY, Judge.
Plaintiff sued New Orleans Public Service, Inc. (NOPSI) for injuries she allegedly received while a passenger on defendant’s bus. The trial judge awarded $3,500.00 for her injuries and $560.37 for medical expenses. Defendant appeals only on the issue of negligence.
The record shows that plaintiff boarded the bus at Carondelet and Canal Streets with several other passengers. After getting aboard she realized that she didn’t have exact change, placed her package(s) * on a seat, paid her fare and proceeded toward the rear of the bus carrying the package(s). Plaintiff testified that after reaching approximately the fourth row of seats the bus started forward fast and simultaneously made a right turn on Canal Street, causing her to lose her balance and fall sustaining the injuries sued upon.
Defendant’s driver confirmed that plaintiff boarded the bus with a big package; however, he contradicted plaintiff by stating that his takeoff was slow and smooth and that the bus’ turn was normal. The driver’s testimony conflicted as to whether plaintiff was still in the front of the bus when he moved forward or if she was walking back during the turn, but he confirmed that the plaintiff did report her fall a few blocks later.
A passenger seated in the fourth row testified that she saw plaintiff board the bus and while the bus was in motion plain *1252 tiff stumbled on her feet and fell over a seat. She verified that plaintiff was walking toward the rear when the bus turned and plaintiff stumbled. The passenger felt there was nothing unusual about the manner in which the bus started forward.
Another passenger, seated in the back of the bus, testified there was nothing unusual about the way the bus moved forward; further, that he saw plaintiff stumble and fall against a seat which she grabbed and sat down. However, this passenger then changed his testimony and said plaintiff didn’t fall.
Another passenger called by the defendant testified that he didn’t see what happened, didn’t observe plaintiff boarding the bus, and that there was nothing unusual about the motion of the bus.
It was recently held that a fare-paying passenger who proves an injury occurred on a public conveyance shifts the burden to the public operator to then prove that it was without the slightest degree of negligence. Davis, et al. v. Owen, et al., 368 So.2d 1052 (La.1979). However, a public carrier is not liable for the results of ordinary jolts or jerks incident to the starting or stopping of its conveyance in a usual and customary manner. Also, a passenger in a public conveyance must anticipate its possible movement before reaching a seat or while standing, and the passenger must máintain an equilibrium during usual and necessary movement. Gaines v. Baton Rouge Bus Company, Inc., 175 So.2d 719 (La.App. 1st Cir. 1965), and cases cited therein. Briggs v. United States Fidelity & Guaranty Company, 224 So.2d 124 (La.App. 3rd Cir. 1969). However, Briggs held that a bus driver is negligent in starting a forward movement knowing of a passenger’s physical incapacity due to age, obesity, and infirmity, before ascertaining if the passenger was seated.
We are not favored with reasons for judgment. However, it is apparent the trial judge was convinced that plaintiff was either standing or moving toward the rear of the bus carrying a package(s) when the vehicle moved forward and turned right thus causing plaintiff’s injuries. We feel defendant’s driver did not exercise the highest degree of care under these circumstances. This is purely a factual determination based upon the credibility of witnesses and we do not find error that plaintiff established a prima facie case of negligence which burden defendant failed to overcome.
Accordingly, the judgment of the District Court is affirmed with defendant/appellant to pay all costs of this appeal.
AFFIRMED.

 There is a conflict as to whether plaintiff was carrying a package in each arm or one large package.