GARRISON, Judge.
This is an appeal from a judgment of the district court, granting to plaintiff $3,000.00 in damages and to her husband $100.00 in damages for injuries incurred as a result of a fall on a New Orleans Public Service bus. At the time of the accident, Mrs. Alexander was 66 years old.
The trial judge provided the following written reasons for judgment:
“The plaintiff is a 67 year old female, and a very impressive witness — polite, courteous, cooperative and timid. She got on the New Orleans Public Service bus as it was parked alongside the curb. She paid her fare and was in the process of sitting down in the long (beauty) seat just behind the driver. The bus moved out into traffic at an angle from the curb simultaneously as she tried to take her seat. She missed the seat and fell to the floor, injuring her buttocks and right hand and arm. She was under active medical treatment for about three and a half months. The driver admits that he was, at the time of the accident, concerned with traffic and his moving out into it. He did not look to see if the plaintiff had' gotten to her seat, or was in a position to hold on to something, etc.
“The court is of the opinion that the movement of the bus away from the curb caused the plaintiff to miss her seat. This driver concerned with traffic did not exercise that degree of care required of him toward his fare-paying passenger. See Davis v. Owen, 368 So.2d 1052.”
From that judgment, which we affirm, defendant appeals.
On appeal, defendant argues: (1) that the trial judge erred in believing plaintiff’s testimony instead of the testimony of its witnesses; and (2) plaintiff’s physical appearance is such that the bus driver was not placed on notice that she required special consideration.
On the first specification of error, we note that the trial judge made a clear and convincing credibility call in favor of plaintiff and against defendant’s witnesses. He also took the further step of reducing that credibility call to writing. There is a strong presumption in favor of upholding credibility calls by a trial judge. Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973). On appeal, the scope of review of this court is whether, upon the appellate court’s independent evaluation of the testimony and *643 evidence presented, the trial judge was manifestly erroneous in its factual determinations. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). In the instant appeal, we cannot find that the trial judge was manifestly erroneous.
Turning to the second specification of error, we note that there exists a longstanding line of jurisprudence providing that it is not negligence where a bus or other public carrier driver starts the vehicle moving before all passengers are seated, except when a passenger is old, infirm, or otherwise incapacitated. Miller v. NOPSI, 196 So. 86 (Orl.App.1940); Penny v. NOPSI, 328 So.2d 729 (La.App. 4th Cir. 1976); Burley v. NOPSI, 398 So.2d 1251 (La.App. 4th Cir. 1981). With reference to defendant’s argument that plaintiff’s appearance did not put the bus driver on notice as to her age, the trial judge made the following comment part of the record below:
“THE COURT:
“I’ll describe her for the record. She is a black female of small stature, obviously sixty-six years old by her general appearance, certainly not a spry, young thing flipping around the room. She got up and off the stand with caution and reflects the age that she gives, sixty-six at the time of the accident, sixty-seven now.” (Tr. p. 24)
It is apparent on the face of the record that this court is bound to affirm the trial judge’s determination of plaintiff’s physical appearance as sufficient to have placed the bus driver on notice.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.