266 So.2d 718 (1972)
Emile WILLIAMS, Plaintiff-Appellee,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Defendants-Appellants.
No. 3965.
Court of Appeal of Louisiana, Third Circuit.
September 19, 1972.
*719 Lunn, Irion, Switzer, Johnson & Salley, by Harry A. Johnson, Shreveport, for defendants-appellants.
Gerard F. Thomas, Jr., Natchitoches, for plaintiff-appellee.
Before FRUGÉ, MILLER and DOMENGEAUX, JJ.
FRUGÉ, Judge.
This suit arises from a three car accident. At 6:10 p.m. on August 5, 1971, during a rainstorm, Mrs. Sherry E. Musselwhite was driving eastward in a Chevrolet Van on Highway 84. Following her was Louis Hayes. Meeting her in the oncoming lane was the plaintiff, Emile Williams. When Mrs. Musselwhite stopped to turn left into a private drive, Hayes attempted to stop, skidded into the rear of the Musselwhite van, and then bounced into the westbound lane, thus colliding with Williams' truck. Williams filed suit to recover for his injuries from Hayes, Mrs. Musselwhite, and her insurer, State Farm Mutual Automobile Insurance Company. The trial judge held that the accident was caused solely by the negligence of defendant Musselwhite, who had created an emergency situation from which Hayes could not extricate himself.
State Farm appealed from the judgment casting it and its insured and dismissing both Williams' principal demand and its own third-party demand against Hayes. Williams was obviously not at fault. Neither quantum nor contributory negligence is at issue on this appeal. The dispute in this case is one of fact and one on which the only evidence is the testimony of witnesses whose credibility is best discerned by the trial judge. State Farm contends that Mrs. Musselwhite gave adequate signal of her intention to turn while coming to a slow stop to allow the oncoming Williams' vehicle to pass and that the accident was caused by Hayes' failure to observe the stopping Musselwhite vehicle and the oncoming Williams' vehicle. The plaintiff contends that Mrs. Musselwhite was driving in a heavy rainstorm without lights, and that the accident was caused solely by her stopping suddenly without *720 giving a signal when she almost missed her turn.
It is undisputed that Mrs. Musselwhite was driving without lights. The testimony of Williams, Hayes, and the State Trooper who investigated the accident support the plaintiff's contention that the accident occurred during a heavy rainstorm which restricted visibility while Mrs. Musselwhite and her mother-in-law testified that it was raining just moderately hard. Mr. Hayes testified that he had been following the Musselwhite vehicle for approximately one half mile at a distance of 150 feet. He had reduced his speed to 45 m.p. h. because of the rain. Mrs. Musselwhite testified that she activated her left turn signal while both Hayes and Williams testified emphatically that she did not. Mrs. Musselwhite testified that she first saw the Hayes vehicle after it had started its skid and that she "hadn't looked before then." Hayes testified that Mrs. Musselwhite had just passed the private drive when she came to a sudden stop. Williams testified that from the front it looked as if the Musselwhite vehicle made a small sharp turn to the left and back again before coming to a complete stop.
We find adequate evidence in the record to support the trial judge's conclusion that Mrs. Musselwhite's negligence was a legal cause of the accident. The trial court's conclusions as to facts, especially when questions of fact have been resolved by the testimony of witnesses, are entitled to great weight and will not be disturbed on appeal unless they are manifestly erroneous. There is no such error in this case. Brown v. Allen, 253 So.2d 611 (La.App. 3rd Cir., 1971), Grinnel Mutual Reinsurance Company v. Rich, 251 So.2d 450 (La.App. 1st Cir., 1971); Orlando v. Polito, 228 La. 846, 84 So.2d 433 (1955).
A person who intends to turn from or stop or suddenly decrease his speed upon a roadway must first ascertain that the maneuver can be made with reasonable safety and then give an appropriate signal to following vehicles. LSA-R.S. 32:104. Tallo v. Johnson, 255 So.2d 446 (La.App. 1st Cir., 1971), writs refused 260 La. 704, 257 So.2d 157 (1972); Huntsberry v. Millers Mutual Fire Insurance Company, 205 So.2d 617 (La.App. 3rd Cir., 1967).
State Farm also contends that the trial judge erred in holding that Mrs. Musselwhite was negligent in not driving onto the right hand shoulder of the road to allow Hayes to pass. A left-turning motorist is under no duty to drive onto the right hand shoulder of the road. The trial court's reasons for judgment did state in passing that Mrs. Musselwhite "realized the emergency she was creating and remained in her lane". However, the trial court's reasons for judgment were in no way dependent upon this statement and Williams has at no time contended that Mrs. Musselwhite was under such a duty. The judgment against Mrs. Musselwhite and State Farm Mutual Automobile Insurance Company and in favor of Mr. Williams is correct.
We pretermit consideration of Mr. Louis Hayes' alleged negligence for the reason that issue was not joined against him. He did not answer the third party petition and State Farm failed to enter a preliminary default. Patrick v. Patrick, 227 So.2d 162 (La.App. 2nd Cir., 1969); Gossett v. Nealy, 230 So.2d 671 (La.App. 3rd Cir., 1970); Walker v. Jones, 257 La. 404, 242 So.2d 559 (1970). Therefore, the trial court's dismissal of State Farm's claim against Mr. Louis Hayes must be reversed.
The trial court judgment awarding damages to Mr. Emile Williams and against State Farm Mutual Automobile Insurance Company is affirmed. The judgment dismissing State Farm's claim against Mr. Louis Hayes is reversed. That claim is still pending in the trial court. Costs of this appeal are assessed to defendants-appellants.
Affirmed in part; reversed in part.