CULPEPPER, Judge.
Plaintiff appeals a judgment rejecting his demand for damages resulting when the automobile he was driving was struck in the rear by a truck driven by defendant’s employee, Bracey.
The substantial issue is whether plaintiff was contributorily negligent in stopping his automobile on the highway suddenly and unnecessarily and without warning to defendant’s following truck.
The accident occurred in what is known as the “South Circle” of MacArthur Drive in Alexandria. MacArthur Drive has four lanes. The west bound lanes go around the east side of the circle, where there is an exit into Masonic Drive, and the east bound lanes go around the south side of the circle, where there is an exit to the Lake Charles Highway.
Bracey approached the circle in the east bound lanes of MacArthur Drive. He saw the Schwartzberg vehicle proceeding around the circle in the inside lane approaching the Lake Charles exit. Bracey testified that he slowed his vehicle and entered the inside lane of the circle where he followed behind Schwartzberg.
Schwartzberg testified he was attempting to get into the right lane of the circle so he could exit on the Lake Charles Highway. Bracey stated that plaintiff made an abrupt unsignaled stop in the inside lane immediately in his path. Bracey applied his brakes but was unable to stop before striking the right rear of the plaintiff’s automobile.
The investigating state police officer was unable to determine the point of impact because there was no physical evidence, and the vehicles had been moved before he reached the scene of the accident.
The resolution of this dispute depends primarily upon the facts as to how the accident happened. The trial judge concluded that Schwartzberg made a sudden and unsignaled stop which could not have been reasonably anticipated by Bracey. In reaching this conclusion, the trial judge gave great weight to the testimony of Bra-cey and his passenger, Lee Dotson as follows :
“the Court must give the greatest weight to the testimony of Bracey and Dotson. They testified that the Schwartzberg vehicle, immediately after negotiating the curve shown in Exhibit D — 1, came to a sudden and unexpected stop. Mr. Schwartzberg admitted that he stopped *756 after making the curve for the purpose of changing from the left to the right lane. This Court is of the opinion that the driver of the Clark Dunbar truck could not reasonably have anticipated that the Schwartzberg vehicle would stop where it did. As shown by Exhibit D-l, there is a considerable distance between the point of the accident (shown by an ‘O’ and an ‘X’ in the left center of the photograph) and the point where the plaintiff would have had to be in the right lane to make a right turn onto the Lake Charles Highway. There was no reason for Mr. Schwartzberg to stop where he stopped nor was there any reason for Mr. Bracey to anticipate him stopping. Mr. Bracey was not under a duty to be on guard for this unusual situation which suddenly and unexpectedly presented itself.”
Even assuming, as plaintiff contends, that Bracy was negligent in following too close or failing to keep a proper lookout, we agree with the trial judge that plaintiff was negligent. As a general rule, the driver of the forward vehicle should look for vehicles so close behind that they may be imperiled by a sudden, unsignaled stop which the following driver has no reason to anticipate, Thomas v. Arceneaux, 307 So.2d 754 (La.App. 3rd Cir. 1975); Vander v. New York Fire & Marine Underwriters, Inc., 192 So.2d 635 (La.App. 3rd Cir. 1966).
 This is not a situation where the forward motorist had to stop suddenly in an emergency, as in Fontenot v. Steenocker, 263 So.2d 59 (La.App. 4th Cir. 1972) where the forward driver stopped to avoid hitting a pedestrian. Here, plaintiff was not confronted with an emergency. It was not necessary that he make such an abrupt, unsignaled stop, endangering traffic to the rear.
We conclude there is a reasonable evi-dentiary basis to support the factual finding by the trial judge that plaintiff was negligent, and that this finding should not be disturbed on appellate review, Canter v. Koehring Company, La., 283 So.2d 716 (1973).
For the reasons assigned, the judgment is affirmed. All costs of the trial and appellate courts are assessed against the plaintiff appellant.
Affirmed.