COLE, Judge.
This suit arises as a result of an automobile accident which occurred on August 2, 1973, on U.S. Highway 61 near Laurel Hill in West Feliciana Parish involving a large tractor-trailer type truck and a 1971 Chevrolet. Immediately prior to the accident, the tractor-trailer owned by Western Lines, Inc. (Western Lines) and driven by Everett W. Hamilton, its employee, was proceeding north on Highway 61 at approximately 45 to 55 miles per hour behind a panel truck owned by Seven Day Distributing Company (Seven Day) and driven by its employee, Sinclair Russ. Near the point of collision, the Seven Day truck decelerated to make a right turn onto the Old Highway 61 and the Western Lines truck swerved left into the southbound lane to avoid hitting the Seven Day truck. Almost instantaneously the Western Lines truck collided with the 1971 Chevrolet automobile owned and driven by Eugene Richardson, which was traveling in a southerly direction on Highway 61. A passenger in the Richardson vehicle, Rose Cummings, was fatally injured as a result of the collision.
The Fidelity & Casualty Company of New York (Fidelity), the liability insurer of Western Lines, paid Mrs. Cummings’ husband, George Cummings, $32,500 in settlement of a wrongful death claim.
Fidelity brought suit against Continental Casualty Company (Continental), the insurer of Seven Day, and Dixie Auto Insurance Company (Dixie), Eugene Richardson’s insurer, for contribution under Louisiana Civil Code Article 2103, based on the following contentions quoted below from appellant’s brief:
“ * * * (1) [TJhat Hamilton’s entry into the opposing traffic lane was con *1226 tributed to by the negligence of Russ in suddenly slowing his truck in such a manner as to cause the following driver to swerve to avoid a collision, and (2) that Richardson’s negligence in driving his automobile at an excessive rate of speed contributed to the cause of the death of his guest passenger.”
The case was submitted to the trial court on certain stipulations of fact and depositions. The trial judge rendered judgment in favor of the defendants, Dixie and Continental, and against the plaintiff, Fidelity, stating in his written reasons:
“Counsel for plaintiff [Fidelity] contends that LSA-R.S. 32:104 controls the situation concerning the Russ vehicle.
‘LSA-R.S. 32:104 provides as follows:
‘A. No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in R.S. 32:101, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.
‘B. Whenever a person intends to make a right or left turn which will take his vehicle from the highway it is then traveling, he shall give a signal of such intention in the manner described hereafter and such signal shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning.
‘C. No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give such signal, (emphasis added)’
“While the left-turn accident predominates in our jurisprudence in the cases where the requirements of this statute have been applied, it also applies with respect to the driver making a right turn. The effect of the statute is to proscribe any sudden and unsignaled decrease of speed on the highway in such a manner as to endanger approaching traffic, whether from the front or rear, and whether the driver is turning right or left. In Schwartzberg v. Clark-Dunbar, Inc., 309 So.2d 754 (La.App., 3rd Cir., 1975), the Third Circuit Court of Appeal said with respect to a case involving a right turn:
‘As a general rule, the driver of the forward vehicle should look for vehicles so close behind that they may be imperiled by a sudden unsignaled stop which the following driver has no reason to anticipate * * *.’ [309 So.2d at 756]
“In Williams v. State Farm Mutual Automobile Insurance Company, 266 So.2d 718 (La.App., 3rd Cir. [1975]), the rule applicable to sudden decreases of speed on the highway was stated thusly:
‘A person who intends to turn [from] or stop or suddenly decrease his speed upon a roadway must first ascertain that the maneuver can be made with reasonable safety and then give an appropriate signal to following vehicles. * * * ’ (266 So.2d at 720)
“Thus, whether a driver intends to make a left turn or a right turn, he must under the statute: (1) make certain that he can complete the maneuver without endangering traffic approaching from the front or rear; (2) make certain that any sudden decrease of speed on his part will not endanger the following vehicles; and (3) give timely and adequate signal of his intention. Reeves v. Caillouet, 46 So.2d 373 [La.App.1st Cir.] (1950); McNeely v. United States Fidelity & Guaranty Company, 69 So.2d 600 [La.App.2nd Cir. 1953]; Nomey v. Great American Indemnity Company, 121 So.2d 763 [La.App.2nd Cir.] (1960); Foreman v. American Automobile Insurance Company, 137 So.2d 728 [La.App.3rd Cir.] (1962); Aetna Casualty and Surety Company v. Henry, 307 So.2d 375 [La.App.1st Cir.] (1974); and Dupre v. Olympic Insurance Company, 232 So.2d 544 [La.App.3rd Cir.] (1970).
“The requisite showing has not been made in this case to amply support the *1227 conclusion that, more probably than not, Russ failed to comply with the statutory duty imposed on him in that he suddenly decreased the speed of his truck without giving warning and in such a manner as to imperil drivers to his rear. Negligence on the part of Hamilton arises from the fact that his truck encroached into the opposing traffic lane. Again, looking at the case from the standpoint of Cummings, the liability on Hamilton’s part arises from this fact alone.
“It is the finding of this Court that the driver of the van owned by Seven Day Distributing Company, Sinclair Russ, was in the process of making a normal and orderly turn from U.S. Highway 61 onto Old Highway 61 at a point that he customarily and frequently used. There was no sudden stop indicated by the evidence. Therefore, it is the opinion of this Court that the driver, owner and insurance company of the Seven Day Distributing Company van share no responsibility for the ensuing accident and deaths.
“It is further the finding of this Court that the driver of the Western Lines, Inc. truck-trailer crested the top of the hill; turned his head, by his own admission, to inspect the tarpaulin and security of his load; and when he turned around he was met with * * * [an] emergency situation created solely by his own negligence in not keeping a sufficient forward lookout. The driver, Everett W. Hamilton, then swerved to the left in an effort to miss the Seven Day van, without braking, as there was not sufficient time to do so. This is corroborated by testimony of the Rev. William Henry Marshall, who testified that he was following the Western Lines truck. There was no evidence of Hamilton’s slowing down, no brake lights, no signal for a turn, no skidding and no smoke or noise as if there existed any emergency situation.
“The assessment of negligence on the part of Richardson presents another question. Although there is some evidence that his vehicle was traveling at a high rate of speed when the collision occurred, this fact alone does not prove that he was negligent. There is lacking the requisite showing that this alleged negligence constituted a legal cause of the accident.
“The accident occurred almost immediately upon entry unto the left, southbound lane, whereupon the Western Lines truck collided with the automobile driven by Eugene Richardson * * *.
******
“Directing our attention to counsel’s argument that speed may have contributed to the severity of the damage, we observe in McDaniel v. Welsh, (La.App.1st Cir., 1970) 234 So.2d 833 at page 839:
‘However, violation of a speed law does not render a motorist liable unless the infraction is a cause in fact of the accident. A cause in fact is one without which an accident would not have occurred. Arnold v. Griffith, La.App., 192 So. 761. It must also be a substantial causal factor to render a motorist liable. Dixie Drive It Yourself Sys. New Orleans Co. v. American Beverage Co. 242 La. 471, 137 So.2d 298. Had Welsh been traveling at a speed of 45 miles per hour, he could not have avoided this particular accident.’

“ * * * [T]he Court cannot say from the evidence before it that more probably than not the death of Rose Cummings (as opposed to the occurrence of the collision) was contributed to by the excessive speed of the Richardson vehicle. The Court cannot hold Richardson’s insurer liable for her death as a joint tort-feasor along with Hamilton, [and] his respective insurer.
“Plaintiff has the burden of proving Richardson’s negligence and as a consequence of the McDaniel case, plaintiff must not only argue but successfully substantiate that speed, if in fact it did exist at an excessive rate, was that cause without which the accident would not have occurred.”
After a careful review of the record, we conclude that the findings of fact and the *1228 application of law to the facts of the case by the trial court are correct. Therefore, the judgment of the trial court is affirmed. The costs of these proceedings are assessed to appellant.
AFFIRMED.