KLEES, Judge.
Defendant Tesoro Land and Marine Rental Company [Tesoro] appeals from the granting of a summary judgment dismissing co-defendant Patricia Riedie from the proceedings. We affirm the granting of summary judgment.
This suit arises out of an automobile accident involving several parties. Plaintiff Gerald Patterson and defendant Riedie were driving side by side in a northbound direction on Belle Chase Highway. Mr. Patterson was in the lefthand lane and Mrs. Riedie was in the righthand lane, when both their vehicles were struck from the rear by an eighteen wheel tractor trailer rig that had been traveling directly behind Mrs. Riedie. Just prior to the collision, Mrs. Riedie had decelerated her vehicle to avoid hitting a truck owned by Tesoro which had turned from the southbound lane of the highway and blocked her path. There is some disagreement about whether the Tesoro truck was making a U-turn or heading straight across the highway into a parking lot, but this issue is not material to the outcome of this action.
Mrs. Riedie’s claim for injuries and damages was settled out of court, but she was named as a defendant in this lawsuit, brought by plaintiff Patterson. Other defendants included Tesoro, Robert D. Smith, Jr. and Jefferson Truck Lines, Inc. (the driver and owner, respectively, of the tractor trailer rig). Tesoro also filed a third party claim against Mrs. Riedie.
After the depositions of all parties had been taken and the discovery cut-off date had passed, Mrs. Riedie brought a motion for summary judgment claiming that she was entitled to be dismissed from the action as a matter of law. The motion was granted. Tesoro, the only appellant herein, now claims that the district court erred because genuine issues of material fact exist which would preclude summary dismissal of Mrs. Riedie from the suit. According to Tesoro, these issues are 1) whether Mrs. Riedie’s conduct in slowing down her automobile without giving any *1139 signal was negligent and 2) whether this negligence was a proximate cause of the accident. After reviewing the record, we do not find that there are any disputes of fact which are pertinent to a determination of Mrs. Riedie’s liability; on the contrary, we find, as did the trial court, that the facts conclusively show that Mrs. Riedie could not possibly be held liable as a matter of law, and therefore she was entitled to dismissal.
Tesoro argues that Mrs. Riedie’s conduct was in violation of LSA-R.S. 32:104(C), 32:105(A) and 32:106(3), and that .this conduct constituted negligence sufficient to preclude her dismissal from the suit. R.S. 32:104(C) states:
No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give such signal.
R.S. 32:105(A) provides that the stop and turn signals required by the previous statute may be given either by means of signal lamps or by hand, and 32:106(3) describes the proper hand signal to indicate an impending stop or decrease in speed. After reviewing the evidence, we find Mrs. Ried-ie’s conduct to be completely within the law.
The jurisprudence interpreting R.S. 32:104(C) makes it clear that the sudden stop or deceleration contemplated by the statute is one which the driver chooses to make, rather than one he is forced to make because of some unforeseen emergency. Our courts have repeatedly held that a driver confronted with a sudden emergency, such as a vehicle turning in front of him, is only required to act as a reasonable man would in similar circumstances. Ward v. Aucoin, 222 So.2d 628 (La.App. 4th Cir.1969); Vordenbaumen v. Sweeney, 169 So.2d 165 (La.App. 1st Cir.1964); Kirby v. Fidelity & Casualty Co. of New York, 110 So.2d 182 (La.App. 1st Cir.1959). In Ward v. Aucoin, supra, this court held that because the actions of the plaintiff motorist, who veered to the left as she made a sudden stop, were provoked by a sudden emergency, i.e., the entry of another vehicle into her lane of travel, she was absolved from all liability when she was struck in the rear by a following truck into whose lane she had swerved. Similarly, in another case involving a vehicle turning left in front of a lane of traffic, the First Circuit held that a motorist faced with a sudden emergency not of his own creation is not held to the same degree of care and calm judgment ordinarily demanded of a motorist, and he will not be penalized for failure to make the wisest selection of all possible evasive measures. McMorris v. Hanover Ins. Co., 175 So.2d 697 (La.App. 1st Cir.1965).
In the instant case, Mrs. Riedie did not violate the law by slowing down her vehicle without giving the appropriate signal. Mrs. Riedie’s deposition as well as the depositions of all the other witnesses to the accident establish beyond doubt that she slowed down only to avoid hitting the Teso-ro truck. Conversely, all the cases cited by Tesoro deal with non-emergency situations, such as a motorist making an abrupt unsig-naled stop to change lanes (Schwartzberg v. Clark-Dunbar, Inc., 309 So.2d 754 (La.App. 3rd Cir.1975)); or stopping suddenly because a grocery sack on the seat next to him was falling. (Brown v. Rollinson, 134 So.2d 104 (La.App. 2d Cir.1961)). See also Nomey v. Great American Indemnity Co., 121 So.2d 763 (La.App. 2d Cir.1960), wherein the court specifically noted that the lead driver “was not confronted with any emergency which required an abrupt stop.” Id. at 765. Under the circumstances, Mrs. Riedie acted reasonably in response to a sudden emergency, and she was not required to signal her intention to decelerate.
Accordingly, we hold, as a matter of law, that Mrs. Riedie is free of negligence in *1140 connection with this accident, and therefore we affirm the summary judgment dismissing her from the lawsuit. All costs to be borne by appellant.
AFFIRMED