PRESTON H. HUFFT, Judge Pro Tern.
Fosteen Hamilton, wife of, and James A. Hamilton, plaintiffs, appeal from a judgment attributing 50% contributory negligence to Fosteen Hamilton. For the reasons set forth below, we reverse.
The issues presented to us on appeal are:
*656 (1) Whether the trial court erred in excluding certain portions of testimony of an eye witness to the accident;
(2) Whether the trial court’s instructions to the jury were erroneous;
(3) Whether the trial court should have directed a verdict on the issue of comparative negligence; and
(4) Whether the jury’s allocation of fault to Fosteen Hamilton was clearly erroneous.
On September 29, 1982, Fosteen Hamilton (“Hamilton”) and her sister Geraldine Ham (“Ham”) were returning to their homes near Mobile, Alabama, in an automobile driven by Hamilton. While Hamilton was driving in the left lane of Interstate Highway 10 in Eastern New Orleans, at an approximate speed of 53 m.p.h., a tractor-trailor truck driven by Harry J. Moore (“Moore”) struck Hamilton’s car from the rear. At the time of the accident, Moore was employed by C & H Transportation Company, insured by Employers Casualty Company. Fosteen Hamilton and her husband James A. Hamilton sued Moore, C & H Transportation Company and Employers Casualty Company to recover damages sustained as a result of the collision. In a consolidated action, Geraldine Ham sued the same defendants as well as Allstate Insurance Co., Hamilton’s insurer, for the injuries she sustained in the accident. The disposition of Ham’s action by the trial court is not before us for review on appeal.
Approximately five minutes prior to the collision, Moore passed Bill Harper, a veteran truck driver of 28 years. Bill Harper’s testimony before the jury had been read into the record from his deposition. The trial judge excluded Harper’s estimate of Moore’s speed (60-65 m.p.h.) at the time of passing Harper as being irrelevant. The trial judge also excluded as irrelevant portions of Harper’s continuing observation of Moore, including his making numerous (approximately 8) lane changes in dense traffic during the five minute period extending from passing Harper to the collision with Fosteen Hamilton. Harper saw the collision and concluded that Moore caused it by driving too fast and being unable to change lanes quickly enough to pass Hamilton. The trial court excluded Harper’s conclusion as being irrelevant. Finally, Harper’s testimony as to smelling something on Moore’s breath, immediately after the accident, so as to imply that Moore had consumed alcohol, was excluded because Harper could not and would not specifically state that he did in fact smell alcohol. Harper did not see anything in the roadway or along the median that presented a hazard to driving. The plaintiffs complain that the excluded portions of Harper’s deposition should have been admitted.
Gail Fernandez, a second eye-witness to the accident, stated that she saw a plastic water bottle fly out of a pick up truck which concerned her as a possible hazard that could cause an accident. Upon seeing the water jug fly out of the pick-up truck, Fernandez looked into her rear view mirror and saw the collision of Moore’s truck with Hamilton’s car. Fernandez also testified, by way of confirming what she had said in a prior deposition, that Moore made a statement to Hamilton, just after the accident, to the effect that Moore had collided with Hamilton because Hamilton hit her brakes right in front of Moore.
Moore testified that he was six car lengths behind Hamilton’s car when she suddenly slowed down to a near standstill to avoid hitting a box of water jugs blowing around in the median. Moore estimated that the box of jugs was approximately three to four feet wide and two to three feet high. Moore alleged that the box of jugs blew around in the median and was never in the roadway.
Moore testified that he noticed the box of jugs approximately ten car lengths from the accident and watched Hamilton’s car carefully. He stated that he was travelling at a speed less than 55 miles per hour and began to slow down when Hamilton slowed her car. Moore explained that he immediately looked to his right mirror to determine if he could change lanes, but there was a truck next to him. Moore stated that he subsequently slammed on his brakes until he realized he could not stop in time and then tried to swerve into the middle lane. When he swerved, the left *657 front of his truck struck the right rear of Hamilton’s vehicle. He estimated that he was traveling at approximately 20 to 25 miles per hour when he struck Hamilton’s car. The impact caused Hamilton’s car to go wildly out of control by climbing the barrier strip in the median; Hamilton’s car stopped with a violent crash on the roadway.
Neither Harper nor Fernandez remembered seeing a box of water jugs in the median. Patrolman Scott Fenner, the accident investigator, made a note of an unspecified obstruction on the accident report but could not testify as to whether he specifically recalled seeing an obstruction much less what the obstruction was.
Counsel for the appellees contend that the jury had to resolve two critical facts from the inconsistent testimony: the existence of the obstruction and whether Hamilton slowed her vehicle. Harper, Hamilton and Ham said there was no obstruction. Fernandez testified that she saw a single plastic water jug blow out a pick-up truck. Patrolman Fenner noted on the accident report that there had been an obstruction but he could not testify by independent recollection what the obstruction was. Only Moore testified that an obstruction in the form of a box of water jugs existed. With respect to the issue of whether Hamilton slowed down, only Moore stated that she did. Hamilton and Ham said that Hamilton did not. Fernandez’s testimony, limited as it is, tends to support Hamilton to the extent that she made no specific comment as to whether she observed Hamilton slowing down. Harper was not asked whether Hamilton slowed down.
A key question counsel for appellees fails to present for our consideration is whether, under the scenario presented on Moore’s behalf, any evidence exists to support Moore’s contention that he did slow down rapidly to avoid colliding with Hamilton. Only Moore testified that his truck left skid marks. Harper was not asked about skid marks; no skid marks are noted on the accident report. Harper indicated that Moore’s brake lights went on immediately before the collision coincident with the lane change which resulted in the collision with Hamilton’s car; Harper testified that he had previously observed Moore making consistent application of his brakes just prior to making each of the several previous lane changes Moore made in the minutes preceeding the accident. The trial judge apparently allowed this portion of Harper’s testimony to be entered into evidence.
The standard of review imposed upon this Court is not completed by reading so much of the record as will reveal a reasonable factual basis for the finding in the trial court; there must be a further determination that the record establishes that the finding is not clearly wrong. Arceneaux v. Dominque, 365 So.2d 1330, 1333 (La.1978).
Counsel for the appellees maintains that Hamilton slowed down for an obstruction, a road hazard, blowing around in the median upon which allegations the defense of contributory negligence rests. Assuming for purposes of argument that Hamilton did slow down for a hazard, we fail to see how such an act constitutes negligence.
Contributory negligence is a defense to a tort suit and it is incumbent upon the defendant to prove that the plaintiff was contributorily negligent. Smith v. Travelers Insurance Company, 430 So.2d 55, 59 (La., 1983), citing Tucker v. Lirette, 400 So.2d 647 (La., 1981). The test for contributory negligence is the same as for primary negligence and is that which falls below the standard to which a person should conform for his own safety and protection, the standard being that of a reasonable person in like circumstances. Davis v. New Orleans Public Belt Railroad, 375 So.2d 395, 397 (La.App. 4th Cir., 1979), corrected on rehearing, citing Pfister v. Phoenix of Hartford Insurance Company, 290 So.2d 362 (La.App. 4th Cir. 1974). The burden of proving contributory negligence must be borne by the defendants. In this case, the facts show that not only have the defendants failed to carry that burden but also that the evidence preponderates in favor of the plaintiff and that she has met the tests noted above.
The defendants contend that the plaintiff slowed down because of a road hazard. The plaintiff’s action seems eminently sen *658 sible to us under the circumstances alleged by the defendants. Slowing down to avoid a road hazard is not a negligent act. We have previously ruled in Patterson v. Smith, 469 So.2d 1138 (La.App. 4th Cir., 1985), that a party who suddenly stops because the road is suddenly blocked is free from negligence as a matter of law. In the instant case, the jury must have attributed contributory negligence to the plaintiff because she slowed down as a precaution due to hazards blowing around in the median. Such conduct, as alleged, cannot constitute negligence.
Moreover, in reaching our decision, we wish to emphasize that we do not necessarily accept the defendants’ allegations concerning Hamilton's conduct as true. Rather, if such allegations were true, they do not support a defense of contributory negligence. Moore was entirely at fault and any attribution of fault to Hamilton is clearly wrong inasmuch as the record does not support such finding.
For the reasons given above, we have decided this case without necessarily addressing all issues raised on this appeal. Judgment as to Moore’s fault is affirmed. Judgment as to Hamilton’s fault is reversed.
Costs to appellees.
AFFIRMED IN PART; REVERSED IN PART.