# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 22-194


EVELYN BURLISON

VERSUS

STATE FARM FIRE AND CASUALTY
COMPANY, ET AL.



**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 99,578
HONORABLE C. ANTHONY EAVES, DISTRICT JUDGE

**********

## VAN H. KYZAR
## JUDGE

**********

Court composed of Van H. Kyzar, Jonathan W. Perry, and Sharon Darville Wilson, Judges.


**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**

**R. Scott Iles**
**P. O. Box 3385**
**Lafayette, LA 70502**
**(337) 234-8800**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Evelyn Burlison**

**Randall B. Keiser**
**Matthew L. Nowlin**
**Keiser Law Firm, P.L.C.**
**P. O. Box 12358**
**Alexandria, LA 71315-2358**
**(318) 443-6168**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Orthopedic Center of Louisiana LLC**
    **State Farm Fire & Casualty Company**

**Laura Beth Matthews**
**Lottie L. Bash**
**Franklin "Drew" Hoffmann**
**Christopher M. Chesne**
**Jordan S. Varnado**
**Faircloth Melton Sobel & Bash, LLC**
**105 Yorktown Drive**
**Alexandria, LA 71303**
**(318) 619-7755**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Powerhouse Investments, LLC**

**KYZAR, Judge.**

In this slip and fall personal injury action, the plaintiff, Evelyn Burlison, appeals the trial court's grant of summary judgment in favor of the defendants, Orthopedic Center of Louisiana, LLC, and State Farm Fire and Casualty Insurance Company, and an identical grant of summary judgment in favor of the defendant, Powerhouse Investments, LLC, dismissing the plaintiff's demands in full. For the reasons herein, we affirm in part, reverse in part, and remand.

## FACTS AND PROCEDURAL HISTORY

On January 11, 2021, Ms. Burlison (Plaintiff), filed a petition for damages naming as defendants, Orthopedic Center of Louisiana, LLC (OCL) and its insurer, State Farm Fire and Casualty Insurance Company (State Farm) (collectively referred to as "Defendants"). She alleged that while walking across the parking lot of OCL's Leesville office, she slipped and fell in sludge located on the parking lot's cracked and uneven pavement. She claimed that while it had rained previously that day, it was not raining at the time of her accident. Plaintiff alleged that as the owner of the parking lot, OCL was responsible for its upkeep and maintenance and that it failed to cover the sludge with mats or to put out signs warning its patients about the hazard. She further asserted that she sustained personal injuries as a result of her fall, including severe headaches and injuries to her shoulder, knee, elbow/forearm, and back.

On February 23, 2021, Defendants filed a dilatory exception of vagueness. Following a May 3, 2021 hearing, the trial court sustained the exception and ordered that certain language in Plaintiff's petition be stricken. Thereafter, Defendants answered Plaintiff's petition, wherein they asserted that OCL, who leased its office, was not responsible for the parking lot, but rather it was the responsibility of Powerhouse Investments, LLC (Powerhouse), the property's owner. In addition to

general denials, their answer set forth affirmative defenses, including that the alleged condition of the parking lot was open and obvious, and thus, was not unreasonably dangerous.

On September 8, 2021, Plaintiff filed a first supplemental and amending petition, naming Powerhouse as an additional defendant. She alleged that Powerhouse, as the property's owner, "maintained responsibility for the maintenance, upkeep and repair of the property during the pendency of the lease." Thus, Plaintiff asserted that "any negligence described in the original petition for Damages associated with the maintenance and upkeep of the property that caused or contributed to the accident and injuries to [Plaintiff] is also borne by [Powerhouse]."

On September 27, 2021, Defendants filed a motion for summary judgment, asserting that "there exist no genuine issues of material fact and that Defendants are entitled to judgment as a matter of law dismissing Plaintiff's claims against them." The main emphasis of the motion was that the condition of the parking lot on the day of the incident was open and obvious as it had been raining and the parking lot was wet and muddy. Thus, they argued that the condition of the parking lot was not unreasonably dangerous. Attached to Defendants' motion were the following exhibits: Plaintiff's petition; Defendants' answer and the exhibits attached to their answer; excerpts from Defendants' responses to Plaintiff's requests for production; Plaintiff's responses to Defendants' first requests for admission; Plaintiff's responses to Defendants' first set of interrogatories; Defendants' second requests for admission and second set of interrogatories; and Plaintiff's responses thereto.

Defendants filed a second motion for summary judgment on September 27, 2021, claiming again that there were no genuine issues of material fact and that they were entitled to judgment dismissing Plaintiff's demands. The basis for this motion was that OCL was not responsible for maintaining the parking lot pursuant to its

2

lease agreement with Powerhouse. In addition to the exhibits attached to their first motion, Defendants further attached the affidavits of Dr. Greg Lord, Powerhouse's managing member, and Dr. John DeLapp, the sole member of OCL.

On October 7, 2021, Powerhouse filed a peremptory exception of no cause of action and an answer to Plaintiff's original and supplemental and amending petitions. With regard to its exception, it argued that strict liability claims had been eliminated by the legislature.[1] Powerhouse further filed its own motion for summary judgment, in which it adopted Defendants' argument from its first summary-judgment motion that the condition which caused Plaintiff's fall was open and obvious, and therefore, not unreasonably dangerous. In addition to incorporating and adopting Defendants' memorandum, list of essential legal elements, list of essential elements necessary for them to be entitled to judgment, and exhibits, Powerhouse also attached Plaintiff's first supplemental and amending petition.

A hearing on the three motions was originally set for November 15, 2021, but then reset by order of the trial court to November 18, 2021. On November 3, 2021, Plaintiff opposed the three motions on the grounds that there had been inadequate time for discovery. Attached to her opposition memorandum were various letters and emails sent back and forth between counsel for both parties. In their reply memorandum, Defendants objected to these exhibits, asserting that they were inadmissible as not specifically authorized by La.Code Civ.P. art. 966(A)(4). Powerhouse also objected to the exhibits.

During the hearing on the motions, the trial court sustained Defendants' and Powerhouse's objections to Plaintiff's exhibits. It further granted Defendants' first

---

[1] In her memorandum in opposition to Powerhouse's exception, Plaintiff conceded that she did not have a claim for strict liability pursuant to La.Civ.Code arts. 2315, 2317, and 2317.1. Based on Plaintiff's concession, the trial court dismissed her strict liability claim on November 18, 2021.

motion for summary judgment, as well as Powerhouse's motion for summary judgment. Written judgment in favor of Defendants and Powerhouse was rendered on December 8, 2021. It is from this judgment that Plaintiff appeals.

On appeal, Plaintiff sets forth two assignments of error (case changed to sentence case):

1.  The trial court erred in granting the motion for summary judgment of all Defendants thereby dismissing the claims of Plaintiffs [sic] in a civil action for premises liability in a parking lot where the Plaintiff slipped, fell and sustained injuries on a buildup of "gunk" in the parking lot which was neither "clean" or "well maintained".

2.  The trial court erred in granting Defendants' objection and alternative motion to strike Plaintiff's exhibits "A" through "F" attached to Plaintiff's opposition to the motions for summary judgment, demonstrating the lack of any cooperation whatsoever in initiating much less completing discovery in this matter.

Defendants answered the appeal, asserting that the trial court correctly granted summary judgment in their favor. Alternatively, they argue that if the judgment is reversed on the open and obvious issue, judgment should be rendered in their favor on their second summary-judgment motion because, as lessee, they were not responsible for maintaining the parking lot.

**OPINION**

"[S]ummary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). Summary judgment procedure is now favored under our law, and the procedure "shall be construed to accomplish these ends." La.Code Civ.P. art. 966(A)(2). Louisiana Code of Civil Procedure Article 966(D)(1) provides the burden of proof in summary judgment proceedings, as follows:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before

4

the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

"Summary judgment should be granted, if the parties have had the opportunity to conduct 'adequate discovery' and the evidence shows there is 'no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.'" *Laforge v. Golden Nugget Lake Charles, LLC*, 20-110, p. 3 (La.App. 3 Cir. 11/4/20), 307 So.3d 266, 269; La.Code Civ.P. art. 966(A)(3).

Appellate review of the grant of summary judgment is *de novo*, using the same criteria that governs the trial court's determination of whether summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). However, a trial court's decision to continue a motion for summary judgment to allow additional time for discovery is reviewed pursuant to an abuse of discretion standard. *Ellis v. La. Bd. of Ethics*, 14-112 (La.App. 1 Cir. 12/30/14), 168 So.3d 714, *writ denied*, 15-208 (La. 4/17/15), 168 So.3d 400.

Because the outcome of Plaintiff's second assignment of error will affect our review of the trial court's grant of summary judgment, we will address that assignment of error first.

***Assignment of Error Number Two***

In her opposition to Defendants' motion, Plaintiff attached two letters and four emails, wherein Defendants attempted to convey to Plaintiff's counsel that the office manager he wished to depose was an employee of Powerhouse, who, at that time, was not a party to the suit. Defendants objected to these documents on the grounds

5

that they were not appropriate summary judgment exhibits pursuant to La.Code Civ.P. art. 966(A)(4).

Louisiana Code of Civil Procedure Article 966(A)(4) provides, in pertinent part, that "[t]he only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." Moreover, the trial court "may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made." La.Code Civ.P. art. 966(D)(2). "Any objection to a document shall be raised in a timely filed opposition or reply memorandum." *Id.* Further, the trial court "shall consider all objections prior to rendering judgment[]" and "shall specifically state on the record or in writing which documents, if any, it held to be inadmissible or declined to consider." *Id.*

In this instance, Defendants and Powerhouse both timely objected to Plaintiff's opposition exhibits in their reply memoranda. After reviewing the exhibits, we agree that they do not comprise competent summary judgment evidence. Comment (c) of the 2015 Official Revision Comments to La.Code Civ.P. art. 966 (emphasis added) states: "Subparagraph (A)(4), which is new, contains the *exclusive list of documents that may be filed in support of or in opposition to a motion for summary judgment*[]" and that the "Subparagraph intentionally does not allow the filing of documents that are not included in the exclusive list, such as photographs, pictures, video images, or contracts, unless they are properly authenticated by an affidavit or deposition to which they are attached." Therefore, the letters and emails attached to Plaintiff's opposition are not within the exclusive list of authorized documents, nor were they authenticated as required by La.Code Civ.P. art. 966(A)(4). Thus, we find no error in the trial court's ruling excluding these exhibits.

6

*Assignment of Error Number One*

In this assignment, Plaintiff argues that the trial court erred in granting summary judgment in favor of Defendants and Powerhouse, dismissing her premise-liability claim that her slip and fall resulted from the neglected condition of the parking lot, whose surface contained a buildup of "gunk."

At the hearing on the motions, Plaintiff did not argue the substance of the motions, i.e., that Defendants and Powerhouse are not liable because the condition of the parking lot on the day of the accident was open and obvious, and thus, not unreasonably dangerous. Rather, Plaintiff argued that it was improper for the trial court to grant summary judgment in favor of Defendants and Powerhouse because she had not been granted adequate time for discovery prior to the hearings. She makes the identical argument on appeal.

However, we agree with our brethren of the first circuit that "lack of discovery is grounds for requesting a continuance for a hearing, not an element on the merits of a motion for summary judgment." *Ellis*, 168 So.3d at 725. Further, this court has stated, "La.Code Civ.P. art. 966(A) provides that a defendant's motion for summary judgment may be made at any time. There is no requirement that an answer be filed prior to defendant's motion for summary judgment." *Edwards v. Larose Scrap & Salvage, Inc.*, 10-596, p. 3 (La.App. 3 Cir. 12/8/10), 52 So.3d 1009, 1012. Delaying hearing a summary-judgment motion for additional discovery is not necessary, and the decision to do so lies in the discretion of the trial court:

> It is not an abuse of a trial court's wide discretion to entertain a motion for summary judgment before discovery has been completed. *Christakis v. Clipper Constr., LLC*, 12-1638 (La.App. 1st Cir.4/26/13) 117 So.3d 168, 171, *writ denied*, 13-1913 (La.11/8/13), 125 So.3d 454. The trial court has discretion to render summary judgment if appropriate or to allow further discovery. *Id.* Although the parties must be given the opportunity to conduct "adequate discovery" to present their claims, *see* La. C.C.P. art. 966C(1), there is no absolute right to delay action on a motion for summary judgment until discovery is

complete. The only limit to the trial court's discretion is that the parties must be given a fair opportunity to present their claims. *Id.*

*Ellis*, 168 So.3d at 725.

"A motion to continue has been held to be the proper method for asserting that a motion for summary judgment is premature because the adverse party has not been able to conduct adequate discovery[,]" and our courts "have also recognized that the need for additional time to conduct discovery and the circumstances delaying discovery can be documented in other pleadings." *Laforge*, 307 So.3d at 270 (citing *Roadrunner Transp. Sys. v. Brown*, 17-40 (La.App. 4 Cir. 5/10/17), 219 So.3d 1265).

Here, Plaintiff filed a motion to continue the hearing on the motions, which were originally set for November 15. However, she only requested a continuance of the hearing until November 18. Specifically, the motion to continue stated, in part, as follows:

3.

Undersigned counsel has a conflict on that date and, has requested that the hearings be continued. Counsel for all defendants have been contacted and have no objection to this continuance.

[4].

Therefore, it is requested that the hearings on the above motions and exception be continued and reset for November 18, 2021 at 9:00 a.m.

The trial court granted the continuance, resetting the hearing for November 18, as prayed for. Having only requested a specific continuance of three days, we find no abuse of discretion by the trial court when it considered the motions on November 18, 2021. Accordingly, we reject Plaintiff's argument that the trial court should have denied Defendants' and Powerhouse's motions because she had inadequate time for discovery.

8

Having found no abuse of discretion by the trial court in hearing the motions, we next review the record *de novo* to determine whether there are issues of material fact in dispute based on the properly filed and authorized exhibits, pleadings, and memorandum in support of and in opposition to the motions. We will address Defendants' and Powerhouse's motions separately.

***Defendants' Motion***

Defendants asserted that the filings offered in support of their first summary judgment motion show that the hazard complained of by Plaintiff was open and obvious, and thus, not unreasonably dangerous. At its essence, Plaintiff's claim is that she slipped and fell because of sludge located on the surface of the parking lot after it had rained and that she should have been warned about the parking lot's unreasonably dangerous condition.

Louisiana Civil Code Article 2317 states, "We are responsible, not only for the damage occasioned by our own act, but for that which is caused by . . . things we have in our custody." Louisiana Civil Code Article 2317.1 further provides, in part:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

Thus, the owner or person having custody of immovable property has a duty to keep such property in a reasonably safe condition. La.Civ.Code arts. 2317, 2317.1, and 2322.[2] However, an owner is not responsible for all injuries resulting from any risk posed thereby, but, rather, only for those injuries caused by an unreasonable risk of harm to others. *Simon v. CenturyLink, Inc.*, 21-412 (La.App. 1 Cir. 12/22/21), 340 So.3d 88.

---

[2] Louisiana Civil Code Article 2322 pertains to damage caused by a building's ruin.

9

We have described the question of whether a defect presents an unreasonable risk of harm as "a disputed issue of mixed fact and law or policy that is peculiarly a question for the jury or trier of the facts." *Reed v. Wal-Mart Stores, Inc.*, 97-1174, p. 4 (La.3/4/98), 708 So.2d 362, 364 (quoting *Tillman v. Johnson*, 612 So.2d 70 (La.1993) (per curiam)). As a mixed question of law and fact, it is the fact-finder's role—either the jury or the court in a bench trial—to determine whether a defect is unreasonably dangerous. Thus, whether a defect presents an unreasonable risk of harm is "a matter wed to the facts" and must be determined in light of facts and circumstances of each particular case. *E.g., Dupree v. City of New Orleans*, 99-3651, pp. 13-14 (La.8/31/00), 765 So.2d 1002, 1012 (citation omitted); *Reed*, 97-1174 at p. 4, 708 So.2d at 364.

To aid the trier-of-fact in making this unscientific, factual determination, this Court has adopted a risk-utility balancing test, wherein the fact-finder must balance the gravity and risk of harm against individual societal rights and obligations, the social utility of the thing, and the cost and feasibility of repair. *See, e.g., Reed*, 97-1174 at p. 5, 708 So.2d at 365; *Boyle v. Board of Sup'rs, Louisiana State Univ.*, 96-1158 (La.1/14/97), 685 So.2d 1080, 1083; *Entrevia* [*v. Hood*], 427 So.2d [1146,] 1149. Specifically, we have synthesized this risk-utility balancing test to a consideration of four pertinent factors: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of its social utility or whether it is dangerous by nature. *E.g., Dauzat v. Curnest Guillot Logging, Inc.*, 08-0528, p. 5 (La.12/2/08), 995 So.2d 1184, 1186-87 (per curiam); *Hutchinson v. Knights of Columbus, Council No. 5747*, 03-1533, pp. 9-10 (La.2/20/04), 866 So.2d 228, 235; *Pitre v. Louisiana Tech. Univ.*, 95-1466, pp. 12-16 (La.5/10/96), 673 So.2d 585, 591-93.

The second prong of this risk-utility inquiry focuses on whether the dangerous or defective condition is obvious and apparent. Under Louisiana law, a defendant generally does not have a duty to protect against an open and obvious hazard. *See, e.g., Hutchinson*, 03-1533 at p. 9, 866 So.2d at 234. In order for a hazard to be considered open and obvious, this Court has consistently stated the hazard should be one that is open and obvious to all, *i.e.*, everyone who may potentially encounter it. *E.g., Caserta v. Wal-Mart Stores, Inc.*, 12-0853, p. 1 (La.6/22/12), 90 So.3d 1042, 1043 (per curiam); *Dauzat*, 08-0528 at p. 3, 995 So.2d at 1186; *Hutchinson*, 03-1533 at p. 9, 866 So.2d at 234; *Pitre*, 95-1466 at p. 11, 673 So.2d at 591; *Murray v. Ramada Inns, Inc.*, 521 So.2d 1123, 1136 (La.1988) ("[A] potentially dangerous condition that should be obvious to all comers is not, in all instances, unreasonably dangerous."). Although the "open and obvious" argument suggests a disguised application of contributory negligence or assumption of the risk, when the risk is open and obvious to everyone, the probability of injury is low and the thing's utility may outweigh the risks caused by its defective condition. MARAIST & GALLIGAN, LOUISIANA

TORT LAW § 14.03, p. 14-9. *See also* Frank L. Maraist, H. Alston Johnson III, Thomas C. Galligan, Jr., & William R. Corbett, *Answering a Fool According to His Folly: Ruminations on Comparative Fault Thirty Years On*, 70 LA. L.REV. 1105, 1107 (2011) ("The [C]ourt, however, has recognized . . . situations in which conduct falls within traditional assumption of the risk principles but does not overlap with conduct that customarily is considered contributory negligence . . . [one of which is where] the victim voluntarily encounters a known risk that is 'obvious to all comers,' sometimes also referred to as 'open and obvious risk.'").

*Broussard v. State ex rel. Office of State Bldgs.*, 12-1238, pp. 9-11 (La. 4/5/13), 113 So.3d 175, 183-84 (alterations in original) (footnote omitted).

While Defendants moved for summary judgment, it is Plaintiff who will bear the burden of proof at trial to show that the parking lot's condition was unreasonably dangerous. Thus, the motion did not require Defendants to negate all essential elements of Plaintiff's claim, but rather to point out the absence of factual support for one or more elements essential to her claim. Once this burden was accomplished, the burden shifted to Plaintiff to produce factual support sufficient to establish the existence of a genuine issue of material fact or that Defendants were not entitled to judgment as a matter of law. La.Code Civ.P. art. 966(D)(1). We find that Defendants did point to the absence of factual support for at least one of the essential elements of the Plaintiff's claim, i.e., that the condition of the parking lot where the fall occurred was not open and obvious, and thus, unreasonably dangerous.

In support of their motion, Defendants filed multiple exhibits, including Plaintiff's responses to their interrogatories. In her petition for damages, Plaintiff asserted that she went to OCL on the day of the incident and "[i]t had rained previously that day, but had stopped at the time she had gotten to the office." She then alleged that "[w]hen she attempted to walk through the parking lot, [she] slipped and fell in 'sludge' on the cracked and uneven pavement in the parking lot of the office." Nowhere in the petition does Plaintiff allege that the "sludge" on the cracked

11

and uneven pavement was a hidden defect or condition which she could not see and avoid by the use of ordinary caution.

In her answers to Defendants' first set of interrogatories, Plaintiff, when asked to describe the incident at hand, stated under oath: "I slipped and fell down in the parking lot. The lot had a thick mold/sludge." Again, there is no allegation of fact made that the condition was a hidden hazard that was not visible and avoidable by the use of ordinary caution. In her answers to Defendants' second request for admission of facts and second set of interrogatories, Plaintiff authenticated the photograph she took of the "thick mold/sludge" on the parking lot that she asserted caused her fall. A review of the photograph clearly reflects the visible mud or sludge that she asserted was unreasonably dangerous. However, it is also clearly open and obvious to all by the use of ordinary care. This is especially true on a day that it had been raining, which Plaintiff alleged in her petition and acknowledged in her discovery responses. Based on the foregoing, we find that Defendants satisfied their burden of pointing out an absence of factual support for an element essential to Plaintiff's claim.

Thus, at this point in the hearing, the burden clearly shifted to Plaintiff to establish the existence of material facts in dispute or that Defendants were not entitled to judgment as a matter of law. La.Code Civ.P. art. 966(D)(1). Plaintiff failed to offer any proof establishing the existence of a material fact as to the nature or the condition of the parking lot or that the condition was not open and obvious. Plaintiff's only offerings related to the allegations of lack of adequate time for discovery, which were ruled inadmissible.

"A party opposing a motion for summary judgment cannot rely on the bare allegations of their pleadings but must respond by affidavits detailing facts that show the existence of a genuine issue." *Perkins v. Gregory Mfg. Co.*, 95-1396, pp. 3-4

12

(La.App. 3 Cir. 3/20/96), 671 So.2d 1036, 1038, *writ denied*, 96-971 (La. 5/31/96), 673 So.2d 1039. Here, Plaintiff failed to respond via affidavits establishing the existence of a genuine issue of material fact. Accordingly, we affirm the trial court's grant of summary judgment in favor of Defendants, dismissing Plaintiff's demands with prejudice.

***Powerhouse's Motion***

In its motion for summary judgment, Powerhouse stated the following:

> NOW INTO COURT COMES POWERHOUSE INVESTMENTS, LLC ("Powerhouse"), through undersigned counsel, and pursuant to Louisiana Code of Civil Procedure articles 966 and 967, respectfully requests that this Court DISMISS all claims by plaintiff, Evelyn Burlison, without prejudice, as she is unable to sustain her burden of proof on her claims.

> In support of this motion, Powerhouse incorporates and adopts the *First* Motion for Summary Judgment by [OCL] and [State Farm], memorandum in support, List of Essential Legal Elements, List of Essential Elements Necessary for Movers to be Entitled to Judgment, and exhibits as if copied herein in *in extenso*. Powerhouse is entitled to summary judgment for the same reasons as those set forth in the *First* Motion for Summary Judgment by [Defendants] because the "mold/sludge" that plaintiff allegedly slipped on constituted an open and obvious condition that is not unreasonably dangerous.

> Additionally, in support of this motion, Powerhouse incorporates herein its attached memorandum in support and the following additional exhibit:

> **Exhibit A:** First Supplemental and Amending Petition for Damages[.]

In *Huggins v. Amtrust Insurance Co. of Kansas, Inc.*, 20-516, p. 5 (La.App. 1 Cir. 12/30/20), 319 So.3d 362, 366, the first circuit, in performing a *de novo* review on the grant of summary judgment in favor of the plaintiffs, held:

> The trial court, and this court, on *de novo* review, may only consider evidence that is admissible under the express provisions of La. C.C.P. Arts. 966-67. *Horrell v. Alltmont*, 19-0945 (La. App. 1 Cir. 7/31/20), 309 So.2d 754, 761-62. We may consider *only those documents filed in support of or in opposition to the motion for summary judgment* and shall consider any documents to which no objection is made. La. C.C.P. Art. 966D(2) (emphasis added). The

13

only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. La. C.C.P. Art. 966A(4).

In holding that the plaintiffs failed to prove their entitlement to coverage under the defendants' insurance policies, the court noted that they relied on evidence submitted in support of the defendants' motion at the hearing on the cross motions. The court stated:

> [T]o the extent the Hugginses refer to other exhibits appearing in the record, *i.e.*, USAA's summary judgment evidence, we note that we cannot consider those documents in reviewing the Hugginses' motion, because they were not specifically filed in support of or in opposition to the Hugginses' motion for summary judgment. *James as Co-Trustees of Addison Family Trust v. Strobel*, 19-0787 (La. App. 1 Cir. 6/24/20), 2020 WL 3446635 *4.
>
> We recognize the duplicative nature of requiring the Hugginses to include their own copies of the USAA and Technology policies in the record, when the very same policies already appear in the record, albeit, attached to their opponent's cross motion for summary judgment. Under prior summary judgment law, in a case where cross motions for summary judgment were filed, the district court was able to consider each party's motion as an opposition to the other party's motion and to consider all evidence offered on the cross motions. *See Bouquet v. Williams*, 16-0134 (La. App. 1 Cir. 10/28/16), 206 So.3d 232, 236-37; *also see Smart v. Calhoun*, 49,943 (La. App. 2 Cir. 7/29/15), 174 So.3d 168, 172-73 (finding that former La. C.C.P. Art. 966F(2) did not require a separate opposition pleading when the parties filed cross motions for summary judgment on the same issue). However, under current La. C.C.P. Art. 966D(2), in reviewing the grant of summary judgment to the Hugginses, we may consider only those documents specifically filed in support of or in opposition to the Hugginses' motion for summary judgment.

*Id.* at 366-67.

In this instance, although their motions were heard together, Defendants and Powerhouse filed separate motions for summary judgment. Thus, despite its attempt to incorporate and adopt Defendants' exhibits into its own motion, the only evidence we may consider relative to Powerhouse's motion is Plaintiff's first supplemental and amending petition. However, as that petition only alleged that Powerhouse, as

the owner of the property, was responsible for the "maintenance, upkeep and repair of the property during the pendency of" OCL's lease, we find that Powerhouse has failed to point out an absence of factual support for an essential element of Plaintiff's claim. Thus, the burden of proof never shifted to Plaintiff to prove that the condition of the parking lot was unreasonably dangerous. Accordingly, the judgment of the trial court granting summary judgment in favor of Powerhouse is reversed, and the matter is remanded to the trial court for further proceedings.

### Answer to the Appeal

Having affirmed the grant of summary judgment in favor of Defendants on the open and obvious issue, we need not consider their answer to appeal as the issues raised therein have been rendered moot.

## DECREE

The trial court judgment in favor of Orthopedic Center of Louisiana, LLC and State Farm Fire and Casualty Insurance Company, dismissing Evelyn Burlison's claims against them with prejudice, is affirmed; and the trial court judgment in favor of Powerhouse Investments, LLC is reversed and the matter is remanded for further proceedings. The costs of this appeal are assessed fifty percent to Evelyn Burlison and fifty percent to Powerhouse Investments, LLC.

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**

15